UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON LYNDALE COOPER,<br><br>    Petitioner,<br><br>  v.<br><br>JEANNE S. WOODFORD,<br><br>    Respondent.<br>_____/ | No. C 08-1516 SI (pr)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Aaron Lyndale Cooper, an inmate at the Kern Valley State Prison, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His requests for judicial notice, appointment of counsel, and recusal of the California Attorney General's office also are before the court for consideration.

## BACKGROUND

Cooper was convicted in Alameda County Superior Court in 2004 of murder and kidnapping. He was sentenced to a term of 58 years to life in prison. This conviction occurred in a retrial of Cooper that took place after this court granted Cooper's habeas petition challenging his 1996 conviction for the same crimes. See Order Granting Petition For Writ Of Habeas Corpus in Cooper v. McGrath, No. C 02-5569 SI.

Cooper appealed. His conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court. He also filed unsuccessful habeas petitions in state court. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition asserts eighteen claims, listed on page 8 of the petition and elaborated upon in the 100+ pages that followed it. The claims are not patently frivolous and warrant a response from respondent.

Cooper requests this court to take judicial notice of case files from several state courts. Petition, p. 5. The request is denied. The party must provide a copy of any document that he wants judicially noticed; judicial notice is not a way to get a court to do evidence-gathering and photocopying for a litigant. This court does not have ready access to other courts' files and expects a party to place in the record for this case everything he wants this court to consider. Usually, respondent will provide a copy of the state court transcripts and some briefs from state court appeals with his answer, but if there is a particular document that Cooper wants this court to consider and it is not among the documents respondent files, it is his responsibility to obtain and file a copy of it.

Cooper has requested that counsel be appointed to represent him in this action. A district

court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See id. Based on the materials in the court file, it does not appear that appointment of counsel is necessary in this action. The request for appointment of counsel is DENIED.

Finally, Cooper has filed a motion to recuse the entire office of the California Attorney General. There is no legal authority for petitioner's proposition that, because he is representing himself, the respondent also must represent herself. Likewise, there is no legal authority for petitioner's proposition that the Attorney General's office is biased because it has greater resources than an unrepresented litigant.

**CONCLUSION**

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **October 3, 2008**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **November 14, 2008**.

5. In light of the unusually long petition, the court now sets special limits on the remaining briefs in this action: respondent's memorandum of points and authorities in support of the answer may not exceed **sixty pages** in length and petitioner's traverse may not exceed **thirty pages** in length.

6. Petitioner's motion to recuse the entire office of the California Attorney General is DENIED. (Docket # 2.) Petitioner's requests for judicial notice and for appointment of counsel are DENIED.

IT IS SO ORDERED.

DATED: August 1, 2008

_____
SUSAN ILLSTON
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

AARON L COOPER et al,

    Plaintiff,

v.

JEANNE S WOODFORD et al,

    Defendant.
_____/

Case Number: CV08-01516 SI

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 5, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Aaron L. Cooper E-28703
KVSP
ASU2-159
P.O. Box 5102
Delano, CA 93216

Dated: August 5, 2008

Richard W. Wieking, Clerk
By: Tracy Sutton, Deputy Clerk